UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE LORIO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-154** |
| **FEDERAL EMERGENCY MANAGEMENT AGENCY** | **SECTION "D" (3)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 11), filed pursuant to Fed. R. Civ. P. 12(b)(1). *No opposition was filed.* The motion, set for hearing on Wednesday, April 6, 2011, is before the court on briefs without oral arguments. Having reviewed the entire record and the applicable law, the court finds that the Defendant's motion should be granted for the following reasons.

### I.  BACKGROUND

On January 24, 2011, Plaintiff Clarence Lorio filed the captioned cause against an agency of the United States, the Federal Emergency Management Assistance Agency (FEMA). Plaintiff's claim is a tort-based claim for monetary damages, to wit: (1) post-Hurricane Katrina, FEMA negligently provided plaintiff's parole office with his incorrect address despite sending rental assistance payments to plaintiff's correct address at the Southmore Place Apartments in Houston, Texas (Complaint at ¶ 22); and (2) FEMA's failure to provide the parole office representative with plaintiff's correct address was the sole and only cause of the revocation of plaintiff's parole and his incarceration (Complaint at ¶ 24). Plaintiff is seeking damages "as compensation for his time spent in prison and on extended parole that allegedly resulted from the negligence of FEMA (Complaint at "Prayer"). Plaintiff alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1) (Complaint at ¶ 3).

## II.  STANDARD FOR MOTION TO DISMISS

The applicable standard of review under Federal Rule of Civil Procedure 12(b)(1) is the same as the standard for reviewing dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See Wagstaff v. U.S. Dept. Of Education,* 509 F.3d 661m 663 (5th Cir. 2007).  "A claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of [his] claim which would entitled [him] to relief."  *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough,* 354 F.3d 348, 351 (5th Cir. 2003).   The reviewing court "must accept all well-pleaded factual allegations in the light most favorable to the non-moving party."  *House the Homeless, Inc. v. Widnall,* 94 F.3d 176, 181 (5th Cir. 1996).  Conclusory allegations or legal conclusions however will not suffice to defeat a motion to dismiss.  *See Jefferson v. Lead Indus. Ass'n, Inc.,* 106 F.3d 1245, 1250 (5th Cir. 1997).  A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir.1996) (citations omitted).

## III. ANALYSIS

The plaintiff's "negligence" claim against FEMA[1] falls within the category of claims that may be brought against the United States under the Federal Tort Claims Act (FTCA).  28 U.S.C. § 2674.  The United States is generally immune from suit by virtue of its sovereign immunity, except in those instances where it waives such immunity.  *Gregory v. Mitchell*, 634 F.2d 199,

---

[1]The United States of America filed the instant motion to dismiss noting that it was erroneously named as the "Federal Emergency Management Agency."

203 (5th Cir.1981). The FTCA is one such waiver of sovereign immunity, albeit a partial one. *See Robinett v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 1822933 (E. D. La. Aug. 8, 2002). One limitation to the FTCA's waiver of sovereign immunity is that a claimant must first present his claims against the United States to the appropriate federal agency for an administrative hearing, and only upon denial of the administrative claims or agency inaction on the claim for six months may claimant then proceed to court.[2] *See* 28 U.S.C. § 2675(a).

The plaintiff does not dispute that he did not comply with the FTCA's administrative remedies provisions. In fact, plaintiff filed no opposition at all. Exhaustion of administrative remedies is a jurisdictional requirement for the filing of a claim under the FTCA however, and it may not be waived. *Gregory*, 634 F .2d at 203-04; *Robinett,* 2002 WL 1822933, at *2. Therefore, since the plaintiff has failed to follow the FTCA's prerequisites to filing suit, this Court lacks proper subject matter jurisdiction over plaintiff's claim, and the court must dismiss plaintiff's case.

Accordingly and for the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 11) is GRANTED.

New Orleans, Louisiana, this __6th__ day of April, 2011.

_____
A. J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[2]To establish jurisdiction under the FTCA, a plaintiff must first exhaust his administrative remedies by notifying the appropriate agency in writing within two years after the action accrues. 28 U.S .C. § 2401(b); *Martinez v. United States*, 728 F.2d 694, 695 (5th Cir.1984). The plaintiff's notice must inform the agency of the "sum certain" amount of the claim. *Martinez*, 728 F.2d at 697; *Wardsworth v. United States*, 721 F.2d 503, 505 (5th Cir.1983).